ANTHONY M. MARKELLA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Markella v. Commissioner
Docket No. 12972-83.
United States Tax Court
T.C. Memo 1984-606; 1984 Tax Ct. Memo LEXIS 69; 49 T.C.M. (CCH) 135; T.C.M. (RIA) 84606; November 20, 1984. Anthony M. Markella, pro se. Barry J. Laterman, for the respondent. RAUM MEMORANDUM OPINION RAUM, Judge: The Commissioner determined deficiencies in income tax and additions to tax as follows: Additions to Tax, [1]
Year
Deficiency
Sec. 6653(b), I.R.C. 1954
1975
$137,630.11
$69,509.50
1976
80,919.72
40,982.73
1977
31,067.21
15,532.11
*70 The basic deficiencies were due primarily to the Commissioner's determination of unreported income for each of the years and only to a comparatively minor extent to adjustments to deductions taken by the petitioner in his returns (including automatic adjustments to deductions for medical expenses by reason of the increases in income). The unreported income was computed by use of a modified bank deposits method taking into account adjustments in respect of certain specific items, such as capital gains and forged and stolen checks. The petition challenged the deficiencies as well as the section 6653(b) additions for fraud. It also raised a statute of limitations issue. The Commissioner filed an answer in which he affirmatively alleged items of unreported income computed on the basis of specified bank deposits which in turn were allegedly derived from petitioner's practice of the law and other sources. He alleged further that the resulting underpayments in tax were due to fraud, setting forth thatduring the years in issue petitioner failed to maintain or submit for examination complete and adequate books of account and records of his income-producing activities, and *71 that the records maintained by him did not property reflect his income. The Commissioner made further allegations showing that the amounts of unreported income were more than 25 percent of the income reported by petitioner for each of the years in issue, with the result that the six-year statute of limitations was applicable pursuant to section 6501(e)(1)(A) of the Code. He also alleged in response to petitioner's statute of limitations defense that the facts supporting the additions for fraud were likewise applicable to extend the period of limitations indefinitely. Upon petitioner's failure to file a reply to the Commissioner's answer, the Commissioner moved under our Rule 37(c) to have his allegations deemed admitted. Petitioner did not appear at a hearing on that motion, which the Court then granted on November 16, 1983. When the case was called from the Boston trial calendar on October 1, 1984, petitioner appeared and asked for a continuance. We were satisfied that there was no valid basis for a continuance, and petitioner's request was denied. The Government filed a Motion for Summary Judgment, arguing that all facts essential to the disposition of the case have been deemed *72 admitted pursuant to this Court's earlier ruling on the Rule 37(c) motion. Petitioner requested time to respond to the Motion for Summary Judgment, and he was given until October 15, 1984, within which to file a response. The Court has not received any such response. We have carefully examined the Motion for Summary Judgment and are satisfied that except for a $6,000 adjustment in respect of an addition to capital gain for 1976, and a Schedule C business expense adjustment in the amount of $1,000 for 1975, all facts necessary to a disposition of this case have been established as a result of the order granting the Rule 37(c) motion. As to these last two items, there were no allegations in the Commissioner's answer in respect thereof, and we deem them to have been abandoned by the Government by reason of its Motion for Summary Judgment in which no mention was made of those items. In the circumstances, no controverted issues of fact remain in this case. Moreover, we are satisfied that the existence of fraud has been established as to all three years in issue on the basis of the facts alleged in the Commissioner's answer, which are deemed to have been admitted for purposes *73 of this case under Rule 37(c). Accordingly, in order to take into account the Commissioner's deemed concessions relating to the $6,000 capital gain item and the $1,000 Schedule C deduction referred to above, The Motion for Summary Judgment will be granted and decision will be entered under Rule 155.
Footnotes
1. Apart from the section 6653(b) additions, the Commissioner confusingly also made determinations of negative additions to tax under section 6651(a) in the respective amounts of ($347) and ($261) for the years 1975 and 1976. His explanation of these negative "additions" was: "Since the fraud penalty has been applied, the delinquency penalty is no longer applicable".↩